Mizuta v. N.Y.C. Dep't of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                    *Circuit Judges*,
             JENNIFER CHOE-GROVES,[1]
                    *Judge*.

_____

NAHOKO MIZUTA, individually, as parent and natural guardian of Y.M., KENTARO MIZUTA, individually, as parent and natural Guardian of Y.M.,

*Plaintiffs-Appellants*,

v.                                                    19-940-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, DORA M. LASSINGER, NEW YORK STATE EDUCATION DEPARTMENT,

*Defendants-Appellees*,

_____

Appearing for Appellant:     Peter G. Albert, Brain Injury Rights Group, New York, N.Y.

Appearing for Appellee:      Eric Lee, Assistant Corporation Counsel (Scott Schorr, Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

_____

[1] Judge Jennifer Choe-Groves, United States Court of International Trade, sitting by designation.

Blair S. Greenwald, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED**.

      Appellants Nahoko and Kentaro Mizuta appeal from the April 9, 2019 order of the United States District Court for the Southern District of New York (Batts, *J.*), vacating a previously entered order granting the Mizutas' order to show cause.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      We dismiss plaintiffs' appeal for lack of jurisdiction. While the Mizutas style the order as one denying injunctive relief and thereby making it an appealable interlocutory order, we disagree. Rather than serving as a denial of relief based on the merits, the order merely denied the Mizutas an evidentiary hearing, as the district court had previously done on two other occasions. An order denying an evidentiary hearing, even when characterized by an appellant as an order denying an injunction, is not an appealable interlocutory order. *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 71-72 (2d Cir. 1991).

      The Mizutas rely heavily on the statement in the order that the Mizutas "failed to demonstrate the right to either a Temporary Restraining Order or a Preliminary Injunction." *See* App'x at 78. But they misunderstand this statement as one addressing the *merits* of their claim as opposed to the *procedural mechanism* by which they seek relief. The local rules require parties seeking an ex parte order or an order to show cause to make a clear and specific showing as to why a procedure other than by notice of motion is necessary. Local Civ. R. 6.1(d). Taking the court's statement in context suggests that the court was not basing its decision on the substance of the Mizutas' claims, but rather on their tactical choice to proceed by an order to show cause instead of by notice of motion. There is no other indication that the court made a final or preliminary determination regarding the Mizutas' substantive claims, and the order at issue thus only "regulates the conduct of the litigation, which is not considered an injunction for purposes of appellate jurisdiction." *Frutiger*, 928 F.2d at 72.

      Accordingly, the appeal hereby is DISMISSED.

      FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2